UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALICE MARIE ZIMMERMAN,

    Plaintiff,               CIVIL ACTION NO. 14-CV-10771

vs.                            DISTRICT JUDGE PAUL D. BORMAN

                                 MAGISTRATE JUDGE MONA K. MAJZOUB

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Alice Zimmerman seeks judicial review of Defendant the Commissioner of Society Security's determination that she is not entitled to Social Security benefits for her physical and mental impairments under 42 U.S.C. § 405(g). (Docket no. 1.) Before the Court are Plaintiff's Motion for Summary Judgment (docket no. 9) and Defendant's Motion for Summary Judgment (docket no. 15). The motions have been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket no. 2.) The Court has reviewed the pleadings, dispenses with a hearing pursuant to E.D. Mich. L.R. 7.1(f)(2), and issues this Report and Recommendation.

**I.    Recommendation**

The undersigned recommends that Plaintiff's Motion for Summary Judgment (docket no. 9) be DENIED and that Defendant's Motion for Summary Judgment (docket no. 15) be GRANTED.

**II.    Procedural History**

1

Plaintiff filed an application for Supplemental Security Income benefits with protective filing date of February 24, 2011, alleging that she had been disabled since January 1, 2000, due to pancreatitis, arthritis of the right knee, depression, anxiety, back pain, and hypertension. (*See* TR 23, 25.) The Social Security Administration denied benefits. (*See* TR 23.) Plaintiff requested a *de novo* hearing, which was held on September 19, 2011, before Administrative Law Judge (ALJ) Gregory Holiday, who subsequently found that Plaintiff was not entitled to benefits because she was capable of performing a significant number of jobs in the national economy. (TR 23-32.) The Appeals Council declined to review the ALJ's decision, and Plaintiff commenced this action for judicial review. The parties then filed their instant Motions.

### III. Plaintiff's Testimony, Medical Evidence, and Vocational Expert Testimony

#### A. Plaintiff's Testimony and Medical Record

Defendant (docket no. 15 at 5-11) and the ALJ (TR 28-31) each set out a detailed factual recitation with regard to Plaintiff's medical record and hearing testimony. Plaintiff addresses her medical record through her argument. (Docket no. 9 at 13-14.) There are no material inconsistencies between these three accounts of the record; therefore, the undersigned will incorporate these factual recitations by reference. Nevertheless, the undersigned has conducted an independent review of Plaintiff's medical record and the hearing transcript and will include comments and citations as necessary throughout this Report and Recommendation.

#### B. The Vocational Expert

Although the ALJ relied on the testimony of the VE in reaching his conclusion that Plaintiff was "not disabled," for the reasons discussed below, the VE's testimony is not relevant with regard to the Motions currently pending before the Court.

2

### IV. Administrative Law Judge's Determination

The ALJ found that Plaintiff had not engaged in substantial gainful activity since February 24, 2011, her application date, and that she suffered from severe pancreatitis, arthritis of the right knee, major depressive disorder, anxiety, back pain, and hypertension. (TR 25.) The ALJ then found that her impairments did not meet or equal those listed in the Listing of Impairments. (TR 25-27.) The ALJ found, however, that Plaintiff's allegations regarding the extent of her symptoms were not wholly credible and that Plaintiff could perform light work with the following additional limitations:

> [T]he claimant requires a sit/stand option at will. The claimant must avoid walking on uneven surfaces, as well as climbing ladders, ropes, and scaffolds. The claimant can only briefly (up to 10% of the workday) climb ramps or stairs and can only occasionally balance, stoop, crouch, or kneel. The work must not require the ability to crawl and must allow the use of a hand-held assistive device for ambulation greater than 100 yards at a time. The claimant must avoid all exposure to hazards like dangerous machinery and unprotected heights. The work must be limited to simple, unskilled tasks in a low-stress environment, defined as requiring no more than occasional decision-making with no more than occasional changes in the work setting. Finally the claimant should have no more than occasional interaction with the public.

(TR 27-31.)

In reaching this conclusion, the ALJ also noted that the record contained a prior decision, dated June 11, 2010, which found that Plaintiff was only capable of performing work at a sedentary level. (*See* TR 28.) The ALJ then determined, in reliance on the VE's testimony, that Plaintiff was capable of performing work as a general office clerk, a visual inspector, or an assembler, which amounted to a substantial number of jobs in the national economy. (TR 31-32.) Therefore, the ALJ found that Plaintiff was not disabled under the Social Security Act since the date or her application. (TR 32.)

**V.     Law and Analysis**

    **A.     Standard of Review**

Pursuant to 42 U.S.C. § 405(g), this Court has jurisdiction to review the Commissioner's final decisions. Judicial review of the Commissioner's decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Walters v. Comm'r*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is more than a scintilla but less than a preponderance; it is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Walters*, 127 F.3d at 528. It is not the function of this Court to try cases *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. *See Kirk v. Sec'y of Health and Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *See Her v. Comm'r*, 203 F.3d 388, 389-90 (6th Cir. 1999); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (noting that the substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts").

**B.      Framework for Social Security Determinations**

Plaintiff's Social Security disability determination was made in accordance with a five-step sequential analysis.  In the first four steps, Plaintiff was required to show that:

(1)     Plaintiff was not presently engaged in substantial gainful employment; and

(2)     Plaintiff suffered from a severe impairment; and

(3)     the impairment met or was medically equal to a "listed impairment;" or

(4)     Plaintiff did not have the residual functional capacity (RFC) to perform relevant past work.

*See* 20 C.F.R. § 404.1520(a)-(f).  If Plaintiff's impairments prevented Plaintiff from doing past work, the Commissioner, at step five, would consider Plaintiff's RFC, age, education, and past work experience to determine if Plaintiff could perform other work.  If not, Plaintiff would be deemed disabled.  *See id.* at § 404.1520(g).  The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her*, 203 F.3d at 391.  To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [the claimant] has the vocational qualifications to perform specific jobs." *Varley v. Sec'y of Health and Human Servs.,* 820 F.2d 777, 779 (6th Cir. 1987).  This "substantial evidence" may be in the form of vocational expert testimony in response to a hypothetical question, "but only 'if the question accurately portrays [the claimant's] individual physical and mental impairments.'" *Id.* (citations omitted).

**C.      Analysis**

The Social Security Act authorizes "two types of remand: (1) a post judgment remand in conjunction with a decision affirming, modifying, or reversing a decision of the [Commissioner] (a sentence-four remand); and (2) a pre-judgment remand for consideration of new and material

evidence that for good cause was not previously presented to the [Commissioner] (a sentence-six remand)." *Faucher v. Sec'y of Health and Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994) (citing 42 U.S.C. § 405(g)). Under a sentence-four remand, the Court has the authority to "enter upon the pleadings and transcript of the record, a judgment affirming, denying, or reversing the decision of the [Commissioner], with or without remanding the cause for a hearing. 42 U.S.C. § 405(g). Where there is insufficient support for the ALJ's findings, "the appropriate remedy is reversal and a sentence-four remand for further consideration." *Morgan v. Astrue*, 10-207, 2011 WL 2292305, at *8 (E.D.Ky. June 8, 2011) (citing *Faucher*, 17 F.3d at 174). Plaintiff argues that this matter should be reversed or, in the alternative, remanded because "[t]he commissioner erred as a matter of law in failing to properly apply *Drummond* [*v. Comm'r of Soc. Sec.*, 126 F.3d (6th Cir. 1997)] and Acquiescence Ruling (AR) 98-4(6) and, thereby, formed an inaccurate hypothetical that did not accurately portray Ms. Zimmerman's impairments."[1] (Docket no. 9.)

In *Drummond*, the Sixth Circuit held that social-security claimants and the Commissioner are barred by principles of res judicata from relitigating issues that have previously been determined. The Commissioner is bound by the principles of res judicata unless there is new and material evidence of changed circumstances. *Id.* at 842; SSAR 98-4(6). But the Commissioner may not offer proof of just any change in circumstance; rather, for the Commissioner to successfully argue that the effects of res judicata do not apply, there must be proof showing that the claimant's condition has improved. *McClain v. Comm'r*, No. 12-11172, 2013 WL 5182089, at *9

---

[1] To the extent that Plaintiff's argument challenges the ALJ's questions to the VE, an ALJ is required to incorporate in his questions only those limitations that he finds credible and supported by the record. *See Casey v. Sec'y of Health and Human Servs.*, 987 F.2d 1230, 1235 (6th Cir.1993). It is undisputed that the ALJ included all of the limitations that he found credible in Plaintiff's RFC; and he included all of those same limitations in his hypothetical questions to the VE. Thus, in substance, Plaintiff's argument is a collateral challenge to the ALJ's RFC finding.

(E.D. Mich. Sept. 13, 2013) Thus, without evidence of improvement, a prior disability determination is binding on an ALJ in a subsequent proceeding. *Drummond*, 126 F.3d at 842-43 ("It is apparent that substantial evidence was not introduced that [the claimant's] condition improved significantly between the two hearing dates. As a result, we conclude that the second ALJ was bound by the determination that [the claimant] retained the RFC for sedentary work."). Additionally, where a claimant who has previously been adjudicated "not disabled" seeks to avoid application of res judicata, he must provide proof that his condition has worsened since the date of the prior decision to such a degree that he is no longer capable of engaging in substantial gainful activity. *See Vesey v. Comm'r*, No. 11-10967, 2012 WL 4475657, at *10 (E.D. Mich. Aug. 6, 2012).

In January of 2010, Plaintiff was found "not disabled" by ALJ Thomas McGovern, who determined that Plaintiff suffered from severe pancreatitis, arthritis of the right knee, major depression, and anxiety. He further found that she had the RFC to perform sedentary work, "except the work must be simple and unskilled with a sit/stand option, and no climbing or crawling but occasional other postural movements." (TR 84.) Thus, ALJ Holiday was bound by this determination unless he found new and material evidence to show an improvement in claimant's condition. Plaintiff argues that ALJ Holiday erred in finding that she was capable of performing light work instead of sedentary work because he cited to no evidence of an improvement in her condition, particularly where Plaintiff's "overall picture is worsening" and where ALJ Holiday improperly discounted the opinion of State Agency Consultant Daniel Dolanski. (Docket no. 9 at 11-14.)

Noting his responsibility under *Drummond*, ALJ Holiday found that "the medical record

shows a change in the claimant's condition since the prior decision and the substantial evidence of record supports [his] residual functional capacity [finding]." (TR 28.) Plaintiff argues that this "blanket conclusion" is insufficient under *Drummond* and contends that ALJ Holiday's finding is contradicted by his determination that she has two additional impairments (back pain and hypertension) and by Dr. Dolanski's opinion. (Docket no. 9 at 13-15.) But ALJ Holiday's decision also included his rationale for this finding, noting, in relevant part, that (1) "the claimant underwent multiple surgical interventions of the right knee, including knee replacement surgery in January 2010;" (2) "an x-ray of the right knee dated July 2010 revealed total right knee prosthesis but there was no evidence of complicating process;" and (3) while she had back pain, her "treatment was routine and conservative" and she "only presented for follow-up visits in order to refill her medication, which suggests that the claimant's symptoms were well-controlled with medication." (TR 29.) Additionally, ALJ Holiday acknowledged that in July 2011, Plaintiff complained of right knee pain of a seven or eight on a ten-point scale, that she used a cane to ambulate at all times, and that she was restricted in her lifting and postural movements. (TR 29.) Thus, ALJ Holiday found that Plaintiff's knee impairment had improved to a point where she could perform light work but that she had additional postural limitations.

The undersigned finds that ALJ Holiday did not err in his application of *Drummond*. While Plaintiff may believe that her "overall" condition has deteriorated, the ALJ properly considered the new and material evidence showing an improvement in her knee impairment. And to the extent that her new back problems affect Plaintiff "overall," the ALJ accounted for this impairment through additional, non-exertional limitations. (*Compare* TR 84, *with* TR 27.) Therefore, even if the Court would find differently, substantial evidence supports the ALJ's

8

determination.

**VI. Conclusion**

For the reasons stated herein, Plaintiff's Motion for Summary Judgment [9] should be DENIED and Defendant's Motion for Summary Judgment [15 should be GRANTED.

## REVIEW OF REPORT AND RECOMMENDATION

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: April 23, 2015        s/ Mona K. Majzoub
                             MONA K. MAJZOUB
                             UNITED STATES MAGISTRATE JUDGE

9

## PROOF OF SERVICE

      I hereby certify that a copy of this Report and Recommendation was served on counsel of record on this date.

Dated:   April 23, 2015                     s/ Lisa C. Bartlett  
                                                     Case Manager