UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

F I L E D

JAN 2 9 2016

CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

ALICE MARIE ZIMMERMAN,

Plaintiff,

Case No. 14-10771

v.

Paul D. Borman
United States District Judge

Mona K. Majzoub
United States Magistrate Judge

COMMISSIONER OF
SOCIAL SECURITY,

Defendant.

_____/

OPINION AND ORDER (1) DENYING PLAINTIFF'S OBJECTION (ECF NO. 18); (2) ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (ECF NO. 16); (3) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 9); (4) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 15)

On March 23, 2015, Magistrate Judge Mona K. Majzoub issued a Report and Recommendation addressing the outstanding motions in this action. (ECF No. 16). In the Report and Recommendation, the Magistrate Judge suggests that this Court deny Plaintiff Alice Marie Zimmerman's Motion for Summary Judgment (ECF No. 9). Further, the Magistrate Judge recommends that this Court grant Defendant Commissioner of Social Security's Motion for Summary Judgment (ECF No. 15).

Now before the Court is Plaintiff's Objections to the Magistrate Judge's Report and Recommendation. (ECF No. 17, Objections.) Having conducted a *de novo* review of the parts of the Magistrate Judge's Report and Recommendation to which objections have been filed pursuant to 28 U.S.C. 636(b)(1), the Court will deny Plaintiff's Objections, adopt the Magistrate Judge's Report and Recommendation, deny Plaintiff's motion for summary judgment, and grant the

Defendant's motion for summary judgment.

## I. BACKGROUND

The Administrative Law Judge's ("ALJ") findings and the pertinent portions of the Administrative Record are accurately and adequately set forth in the ALJ's decision and the parties' motions for summary judgment. The Magistrate Judge held, and the Court agrees, that there are no material inconsistencies with these accounts and the Court incorporates those factual recitations here. (ECF No. 16, Report and Recommendation at 2-4; ECF No. 15, at 5-11; ECF No. 9, at 13-14; TR, 28-31.)

Briefly, Plaintiff originally filed a claim for Supplemental Security Income benefits ("SSI") on February 21, 2007. (Tr. 81.) After a hearing before ALJ J. Thomas McGovern, Plaintiff was found not to be disabled from the date of her application through the date of ALJ McGovern's decision, January 26, 2010. (Tr. 89.) ALJ McGovern determined that Plaintiff had the residual functional capacity ("RFC") to perform sedentary work but could perform only simple unskilled tasks; required a sit/stand option; could never climb or crawl; and could only occasionally perform other postural movements. (Tr. 84.) Plaintiff appealed ALJ McGovern's decision but the Appeals Council denied the request on February 18, 2011. (Tr. 91-92.)

On February 24, 2011, Plaintiff again filed for Supplemental Security Income ("SSI") alleging disability based on pancreatitis, arthritis of the right knee, depression, anxiety, back pain, and hypertension with a disability onset date of January 1, 2000. (Tr. 23, 25.) Plaintiff's application for benefits was denied and she requested a hearing before an ALJ. (Tr. 23.) The hearing was held on September 19, 2012, before ALJ Gregory Holiday; Plaintiff was represented by counsel, and a Vocational Expert ("VE") testified at the hearing. (Tr. 23-32, 70-77.)

2

Plaintiff was 47 years old at the time she filed her claim and received her high school diploma. (Tr. 31.) Plaintiff lived alone in a house next door to her parents and her two sons. (Tr. 41-42, 44, 48.) Plaintiff looked after her parents, one of whom suffered from dementia, cooked and cleaned for herself, did her own and her parents' laundry, and cared for her and her parents' dogs. (Tr.374-75.) Plaintiff testified that she got along well with people and enjoyed caring for house plants. (Tr. 51.) Plaintiff also testified that she should not lift more than twenty pounds and that she was able to drive. (Tr. 48-49, 62.)

On October 12, 2012, ALJ Holiday issued a written decision finding that Plaintiff was not disabled. (Tr. 23-32.) ALJ Holiday concluded in his decision that Plaintiff suffered from the severe impairments of pancreatitis, arthritis of the right knee, depression, anxiety, back pain, and hypertension. (Tr. 25.) ALJ Holiday then determined that the Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 25-27.) ALJ Holiday did find that Plaintiff experienced mild impairment in activities of daily living, and moderate limitation in "concentration, persistence, or pace" and social functioning. (Tr. 26.)

ALJ Holiday concluded that Plaintiff's allegations regarding the extent of her symptoms were not completely credible given her activities of daily living, failure to participate in any outpatient treatment, and determined that the Plaintiff had the residual functioning capacity ("RFC") to perform:

> light work as defined in 20 CFR 416.967(b) except the claimant requires a sit/stand option at will. The claimant must avoid walking on uneven surfaces, as well as claiming ladders, ropes, and scaffolds. The claimant can only briefly (up to 10% of the workday) climb ramps or stairs and can only occasionally balance, stoop, crouch, or kneel. The work must not require the ability to crawl and must allow the use of

3

a hand-held assistive device for ambulation greater than 100 yards at a time. The claimant must avoid all exposure to hazards like dangerous machinery and unprotected heights. The work must be limited to simple, unskilled tasks in a low-stress environment, defined as requiring no more than occasional decision-making with no more than occasional changes in the work setting. Finally the claimant should have no more than occasional interaction with the public.

(Tr. 27, 27-31.) ALJ Holiday also acknowledged the prior SSI determination from 2011 and concluded that "the medical record shows a change in the claimant's condition since the prior decision and the substantial evidence of record supports the aforementioned residual functional capacity." (Tr. 28.)

ALJ Holiday then determined that considering Plaintiff's age, education, work experience, and residual functional capacity, and relying upon the testimony of the VE, that Plaintiff was capable of making a "successful adjustment to other work that exists in significant numbers in the national economy," including the work the requirements of representative occupations such as general office clerk, visual inspector, and assembler. (Tr. 32.) Therefore, ALJ Holiday concluded that Plaintiff was not disabled from the date of her most recent application, February 24, 2011 through the date of his decision. (Tr. 31-32.)

Plaintiff appealed ALJ Holiday's decision. On December 24, 2013, the Appeals Council denied her request for review, and ALJ Holiday's decision became the agency's final decision. (Tr. 1-7.) Thereafter, Plaintiff timely filed the instant federal action seeking judicial review of the Defendant's decision. (ECF No. 1.) Plaintiff filed a Motion for Summary Judgment requesting the Court reverse the decision of the Defendant Commissioner or, in the alternative, remand this action pursuant to Sentence Four of 42 U.S.C. § 405(g). (ECF No. 9.) Defendant also filed a Motion for Summary Judgment. (ECF No. 15.)

4

On March 23, 2015, the Magistrate Judge issued a Report and Recommendation which recommended denying Plaintiff's motion summary judgment and granting Defendant's motion for summary judgment. (ECF No. 16.) Thereafter, Plaintiff filed her Objections to the Report and Recommendation and Defendant filed a Response. (ECF Nos. 17, 18.)

## II. STANDARD OF REVIEW

Where a party has objected to portions of a Magistrate Judge's Report and Recommendation, the Court conducts a *de novo* review of those portions. FED. R. CIV. P. 72(b); *Lyons v. Comm'r of Soc. Sec.*, 351 F. Supp. 2d 659, 661 (E.D. Mich. 2004). In reviewing the findings of the ALJ, the Court is limited to determining whether those findings are supported by substantial evidence and made pursuant to proper legal standards. *See Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (citing 42 U.S.C. § 405(h)); *see also Cutlip v. Sec't of Health and Human Servs.*, 25 F.3d 284, 286 (1994) ("Judicial review of the Secretary's decisions is limited to determining whether the Secretary's findings are supported by substantial evidence and whether the Secretary employed the proper legal standards.").

Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010) (quoting *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 604 (6th Cir. 2009)); *see also McGlothin v. Comm'r of Soc. Sec.*, 299 F. App'x 516, 522 (6th Cir. 2008) (recognizing that substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.") (internal quotations omitted). "If the Commissioner's decision is supported by substantial evidence, we must defer to that decision, 'even if there is substantial evidence in the record that would have supported an opposite

5

conclusion.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Longworth v. Comm'r of Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005)).

As to the second inquiry – whether proper legal criteria were followed – a decision of the Commission supported by substantial evidence will not be upheld "where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007) (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (internal quotation marks and citation omitted). A non-specific objection, or one that merely reiterates arguments previously presented, does not adequately identify alleged errors on the part of the magistrate judge and results in a duplication of effort on the part of the district court: "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless." *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

This Court does not "try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." *Cutlip*, 25 F.3d at 286. Indeed, "[i]t is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers*, 486 F.3d at 247; *see Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (providing that the "ALJ's credibility determinations about the claimant are to be given great weight, 'particularly since

6

the ALJ is charged with observing the claimant's demeanor and credibility.") (citation omitted)).

## III. ANALYSIS

Plaintiff objects to the Report and Recommendation and argues that the Magistrate Judge

erred in concluding that ALJ Holiday properly applied *Drummond v. Commissioner of Social*

*Security*, 126 F.3d 837 (6th Cir. 1997) and found that he had "properly considered the new and

material evidence showing an improvement in her knee impairment." (ECF No. 16, at 8.)

In *Drummond*, the Sixth Circuit examined the issue of whether the Commissioner was

bound by a previous final decision of an ALJ. The Sixth Circuit held that "[s]ocial security

claims are bound by the principles of res judicata." *Drummond*, 126 F.3d at 841 (citation

omitted). Therefore, "[w]hen the Commissioner has made a final decision concerning a

claimant's entitlement to benefits, the Commissioner is bound by this determination absent

changed circumstance." *Id.* at 842 (citation omitted). "The burden is on the Commissioner to

prove changed circumstances and therefore escape the principles of res judicata." *Id.* at 843.

After *Drummond*, the Social Security Administration issued an "Acquiescence Ruling" in

explained that:

> [w]hen adjudicating a subsequent disability claim with an unadjudicated period
> arising under the same title of the Act as the prior claim, adjudicators must adopt
> such a finding form the final decision by an ALJ or the Appeals Council on the
> prior claim in determining whether the claimant is disabled with respect to the
> unadjudicated period unless there is new and material evidence relating to such a
> finding or there has been a change in the law ...

SSAR 98-4(6), 63 Fed. Reg. 29771-01 (1998).

In this case, ALJ McGovern gave Plaintiff's 2007 state agency evaluations that ascribed

Plaintiff the ability to perform a range of light exertion work "little weight" based on "objective

7

evidence" and "the claimant's subjective complaints." (Tr. 88.) ALJ McGovern concluded that

Plaintiff had an RFC to perform sedentary work but could perform only simple unskilled tasks;

required a sit/stand option; could never climb or crawl; and could only occasionally perform

other postural movements. (Tr. 84.)

Regarding Plaintiff's more recent application for SSI benefits, ALJ Holiday

acknowledged there was an earlier ruling that was entitled to res judicata pursuant to *Drummond*

"absent evidence of an improvement or change in condition since the prior hearing." (Tr. 28.)

ALJ Holiday then concluded that "[h]ere, I find that the medical record shows a change in the

claimant's condition since the prior decision and the substantial evidence of record supports the

aforementioned residual functional capacity." (*Id.*) Thereafter, ALJ Holiday examined the new

evidence since the previous decision and assessed Plaintiff's testimony and claims of pain and

ultimately concluded that Plaintiff had the RFC to perform light work with a significant number

of postural limitations including a sit/stand option at will.

Plaintiff argues that Magistrate Judge erred in concluding ALJ Holiday's application of

Drummond was proper because (1) ALJ Holiday failed to cite the prior RFC or explain the

differences between the earlier RFC and his own assessment; and (2) there was not substantial

evidence to support ALJ Holiday's finding that Plaintiff's condition had improved such that she

could do light work rather than sedentary work since the previous decision. (ECF No. 17, at 2.)

First, to the extent Plaintiff appears to argue that ALJ Holiday needed to examine the

previous decision in a particular fashion, "[n]either *Drummond* nor SSAR 98-4(6) require the

ALJ to make specific comparisons with the evidence supporting the prior final decision." *Rudd*

*v. Comm'r of Soc. Sec.*, 531 F. App'x 719, 725 (6th Cir. 2013). Additionally, the ALJ need not

"access the prior record" in order to support his or her's conclusion that the plaintiff's condition

has changed. *Id.* at 726. Rather, the proper inquiry is whether "new and additional evidence or

changed circumstances provide a basis for a different finding of the claimant's residual

functional capacity.'" *Id.* at 726 (citing SSAR 98-4(6), 63 Fed. Reg. 29771-01 (1998)). Here,

ALJ Holiday acknowledged that there was a previous final determination in the record and that

he was bound by that decision unless there was evidence of a change in Plaintiff's condition as

required by *Drummond.* (Tr. 28.) Further, ALJ Holiday set forth his reasoning for such a

conclusion and examined all of the new medical evidence as well as Plaintiff's testimony. (Tr.

28-31.) This treatment of the record by ALJ Holiday is sufficient under *Drummond* and

explained in SSAR 98-4(6). Accordingly, the Court finds no error where ALJ Holiday properly

addressed and applied *Drummond.*

Plaintiff's argument that there was not substantial evidence to support ALJ Holiday's

determination that her condition had improved is also unpersuasive. Plaintiff argues that her

condition deteriorated since the earlier decision by ALJ McGovern as evidenced by a new severe

impairment (back pain), as well as decreased strength in both knees, decreased range in motion in

her right knee, and an inability to tandem walk, squat or hop. (Tr. 381.)

The Court notes that ALJ Holiday acknowledged that Plaintiff was hit by her boyfriend's

car in 2010, that she complained of knee pain at levels of 7 or 8 out of 10 at a consultative

examination in 2011, that Plaintiff used a cane to walk, and that she was very restricted in her

movements. (Tr. 29-31.) However, ALJ Holiday also noted that since the previous decision

denying Plaintiff benefits, Plaintiff had undergone a total right knee replacement and a knee x-ray

taken after she was hit by the car in 2010 indicated that there was "no evidence of complicating

9

process" and no "fracture" or "prosthetic loosening." (Tr. 29, 302.) Further, ALJ Holiday found that Plaintiff's back pain was well-managed and controlled by medication based on the medical record. (Tr. 29.) *See Rudd*, 531 F. App'x at 725 (finding that conservative and minimal treatment and normal test results indicated that a claimant's RFC had improved since an earlier final decision). ALJ Holiday also accounted for the new impairment with additional non-exertional limitations in his RFC. (Tr. 27, 29.) Significantly, ALJ Holiday put great weight in the consultative examination and opinion of Dr. Neil Johnson, M.D. and incorporated the limitations provided in Dr. Johnson's report. (Tr. 27, 380-82.) Also critical to ALJ Holiday's findings was his conclusion that Plaintiff's failure to "participate in any outpatient treatment and her daily activities were inconsistent with disability" and reflected "poorly on her credibility and the veracity of her statements as a whole." (Tr. 30.) In summary, ALJ Holiday acknowledged the medical evidence and opinions that Plaintiff now points to as indicative of a worsening condition, but discounted that evidence based on inconsistencies with other medical evidence (i.e. her total knee replacement and the opinion of Dr. Neil Johnson) and inconsistencies with Plaintiff's own testimony and activities of daily living.

The fact that there is some evidence that supports Plaintiff's argument is not dispositive. Rather, where ALJ Holiday had "substantial evidence" on which to base his assessment, which included medical evidence and a credibility assessment, the Court cannot reverse the decision merely because there exists some other evidence that might support a different conclusion. *See McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006) ("'The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion ... This is so because there is a 'zone of choice' within

10

which the Commissioner can act without the fear of court interference.'" (citation omitted)).

Accordingly, the Court finds ALJ Holiday's determination that Plaintiff's condition had

improved such that she could perform light, unskilled work with a number of postural limitations

including a sit and stand option was supported by substantial evidence and in accord with

*Drummond*.

IV. CONCLUSION

For all these reasons, the Court DENIES Plaintiff's Objections (ECF No. 17), ADOPTS

the Report and Recommendation (ECF No. 16), DENIES Plaintiff's Motion for Summary

Judgement (ECF No. 9), and GRANTS Defendant Commissioner's Motion for Summary

Judgment (ECF No. 15) and DISMISSES this action with prejudice.

IT IS SO ORDERED.

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:     JAN 2 9 2016